CLERK'S COPY

FILED
AT ALBUQUERQUE NM

MAR 31 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE JORDAN,

    Plaintiff,

v.    No. CIV-99-1498 JC/RLP

NEW MEXICO DEPARTMENT OF
CORRECTIONS CASEWORKER WYLE,
CENTRAL NEW MEXICO CORRECTIONS FACILITY,
IN HIS OFFICIAL AND PERSONAL CAPACITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518,

1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Wyle failed to shred certain paperwork containing "classified" information relating to Plaintiff. When other inmates obtained the information on the discarded paperwork, they "confronted" Plaintiff. Plaintiff was then placed in protective custody for the remainder of his sentence. He claims Defendant's failure to maintain the security of the classified information, and the resulting segregation, violated his rights of due process and equal protection. The complaint seeks damages.

Plaintiff's allegations do not support constitutional claims, even if these allegations are liberally construed as arising under the Eighth Amendment. Creating a situation in which prison officials know a prisoner will be in harm's way has been held to violate the Eighth Amendment, regardless of motive. *Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir. 1988). Here, however, Plaintiff alleges mere negligence on Defendant's part, and negligence is not actionable under § 1983. *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998); *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Trujillo v. Bd. Of County Comm'rs*, 768 F.2d 1186, 1190 (10th Cir. 1985). "The application of the deliberate indifference standard to the duty of prison officials to protect prisoners from each other has long been established." *Mervin v. Furlong*, No. 99-1135, 2000 WL 248472, at **2 (10th Cir. 2000). Plaintiff does not allege the requisite mental state underlying Defendant's conduct, and his claims, construed under the Eighth Amendment, will be dismissed.

Nor do Plaintiff's allegations support an equal protection claim. Plaintiff does not allege some form of disparate treatment, that is, that similarly situated individuals are treated differently, a basic element of an equal protection claim. *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991); *see also Templeman v. Gunter*, 16 F.3d 367, 371

(10th Cir.1994); *see Pacheco v. Ward*, No. 98-1104, 1999 WL 215365, at **2 (10th Cir. 1999). Neither does Plaintiff allege any discriminatory treatment originating in an impermissible class discrimination. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED with prejudice; a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE